UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM LORUSSO, MARGARET GURLIDES, LINDA MORIARTY, RICHARD SEABERG, GARY LEONARD, CAROL VORPERIAN, NICHOLAS CAMPAGNOLA, JEROLD SCHERER, DENISE BEVILACQUA, AND KAREN CERVANTES, *on behalf of themselves and all others similarly situated,* | **Civil Action No. 2:24-cv-02785** |
| *Plaintiffs,* | |
| v. | |
| NORTHWELL HEALTH PENSION PLAN, NORTH SHORE UNIVERSITY HOSPITAL, NORTHWELL HEALTH, INC., PENSION COMMITTEE, AND ABC PENSION COMMITTEES 1-20 (SAME NAMES BEING FICTICIOUS), | |
| *Defendants.* | |

**PLAINTIFFS' MEMORANDAUM OF LAW IN FURTHER SUPPORT OF THE WRITTEN OBJECTIONS TO THE FEBRUARY 18, 2026 MAGISTRATE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES**................................................................................................*ii*

**PRELIMINARY STATEMENT**......................................................................................1

**I.      Defendants Are Unable to Defend the Magistrate's Recommendation to Dismiss Plaintiffs' 204(h) Notice Claim**..................................................................... 1

**II.     The Magistrate Improperly Recommends Dismissal of Plaintiffs' Section 102 Claims**........................................................................................................... 1

**III.    Plaintiffs State a Claim Under ERISA § 404**............................................... 4

**IV.     Plaintiffs' Claims Are Not Time-Barred**......................................................5

**CONCLUSION**................................................................................................................6

i

**TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                                                              <u>Page(s)</u>

*Frommert v. Conkright*,
  433 F.3d 254 (2d Cir. 2006)..................................................................................................1

*Hirt v.  Equitable Retirement Plan for Employees, Managers & Agents*,
  441 F. Supp. 2d 516 (S.D.N.Y. 2006)..................................................................................1

*Osberg v. Footlocker, Inc.*,
  656 F. Supp. 2d 361 (S.D.N.Y. 2009)..................................................................................5

*Osberg v. Footlocker, Inc.*,
  138 F. Supp. 3d 517 (S.D.N.Y. 2015)..........................................................................*passim*

*Osberg v.  Footlocker, Inc.*,
  *862 F.*3d 198 (2d Cir. 2017)..................................................................................................2

*Pessin v. JPMorgan Chase U.S. Benefits Exec.*,
  112 F.4th 129 (2d. Cir. 2024)........................................................................................*passim*

ii

## PRELIMINARY STATEMENT

For all the reasons set forth in Plaintiffs' Objections (*see* Dkt. No. 41), herein, and taking into consideration the allegations in the First Amended Complaint ("FAC"), the Magistrate erred in dismissing Plaintiffs' claims.

**I.     Defendants Are Unable to Defend the Magistrate's Recommendation to Dismiss Plaintiffs' 204(h) Notice Claim.**

Plaintiffs objected to the Magistrate's dismissal of the 204(h) claim, citing the Second Circuit's *Frommert v. Conkright* decision. 738 F.3d 522 (2d Cir. 2013). As Plaintiffs explained, *Frommert* requires that the 204(h) notice, among other things, explain the reductions that affected employees are projected to receive, list the amendment's effective date, and include a copy of the amendment itself. *Id.; see also Hirt v. Equitable Ret. Plan*, 441 F.Supp.2d 516 (S.D.N.Y. 2006) (Dkt. No. 41 at 2-5). Plaintiffs explained that the only case cited by the Magistrate, the Third Circuit's *Register* decision, was contrary to both *Frommert* and *Hirt,* and that even under *Register*, Defendants' communications would not meet that test. Dkt. No. 41 at 5.

Defendants did not bother to defend the Magistrate's rationale for recommending the dismissal of the 204(h) claim. Defendants' alternative approach, however, fared no better. Defendants ignored the relevant language in *Frommert* and instead went on several tangents in the case (what Xerox "phantom accounts" or the history of plan amendments) and relegated *Hirt* to a footnote in which it was given the same treatment. *See* Dkt. No. 42 at 15-16, n. 8. The Defendants also weakly argue that because participants were told the previous plan was closing, they were therefore told they were losing all benefits, but that ignores the legal problem of Defendants also telling the participants that the terminated plan would be replaced by something better.

**II.    The Magistrate Improperly Recommends Dismissal of Plaintiffs' Section 102 Claims.**

As explained in Plaintiffs' Objections, under *Pessin*, *Amara*, and *Osberg*, the Magistrate

erred in recommending the dismissal of the Plaintiffs' § 102 claims.

Perhaps most significantly, the Magistrate acknowledged that, had the FAC included allegations that Defendants had withheld information from Plaintiffs, that would have allowed them to understand the decrease in their benefits, and the Plaintiffs would have stated a claim. Dkt No. 39, Report and Recommendation ("R&R") at 14. In Plaintiffs' Objections, Plaintiffs identified **four** separate paragraphs in which that allegation was made. Dkt. No. 41 at 12.[1] Therefore, under the Magistrate's own reasoning, Plaintiffs' § 102 claims should be allowed to proceed.

Defendants never really contest that the paragraphs identified in Plaintiffs' Objections meet the Magistrate's requirement. Instead, they try to push the argument further by weakly arguing that the allegations would need to say that the absence of information would prevent a participant from knowing that their benefits would be better under one than the other. First, there is no such pleading requirement. Second, and more importantly, multiple allegations in the FAC **do** make that exact allegation, namely, that Defendants' concealment prevents participants from knowing which plan is better than the other. *See e.g.,* FAC ¶¶ 315, 326.

The Magistrate additionally erred in that if no such allegations had been made, Plaintiffs should have been entitled to amend the FAC.[2]

---

[1]    The Court in *Pessin* distinguished *Osberg,* noting that in *Osberg, "*plaintiffs argued, among other things, that the defendants failed to articulate changes to the retirement plan in the SPD and that plan participants were led to believe that they would receive their frozen traditional benefit plus their cash balance accounts". 112 F.4th at 139 (citing *Osberg v. Foot Locker, Inc.,* 138 F. Supp. 3d 517, 523 (S.D.N.Y. 2015), *aff'd* 862 F.3d 198 (2d Cir. 2017)). *See also Osberg,* 138 F.Supp.3d at 538 (participants "understood that you always were starting out with what you already earned, and then moving forward, you earned more."). Plaintiffs' FAC includes allegations just like in *Osberg. See* FAC ¶ 326 (telling participants that the new plan would be "actuarially equivalent" to the benefits under the Legacy Plan. These were not the facts in *Pessin,* where, the communications accurately described the differences between the plans <u>and</u> explained how to get information to obtain a benefit comparison. 112 F.4th at 139.

[2]    While Plaintiffs believe the FAC was properly pled, to the extent this Court disagrees, Plaintiffs' request to replead should be granted because Plaintiffs can include any allegations found to be necessary, but missing by this Court. As an example, if the Court held that Plaintiffs needed to allege the absence of Defendants providing a comparison of benefits to employees, Plaintiffs can certainly do so. Ultimately, Plaintiffs would not be truly aware of such pleading needs until this Court ruled, thus could not attach an amended complaint, how one would do when filing a formal motion to amend the complaint pursuant to Local Rule 15.1.

Given that these allegations allow the claim to proceed, there is no need to deal with the other arguments in much depth. There are several, though, that are worth a brief response.

To the extent that Defendants suggest that the allegations in the FAC prepared by attorneys and an actuarial expert with years of ERISA experience reflect the knowledge a participant had back in 1999 regarding the terms of the plan, the Defendants are quite mistaken—or are misrepresenting the record to the Court. Dkt. No. 42 at 10 (Defendants argue that allegations in the FAC about "Joan" represent appropriate disclosures by the Defendants).[3]

The Magistrate's R&R repeatedly placed talismanic significance on the Defendants' inclusion of the phrase in a communication that "there was no guarantee" about the amount of benefits a participant would receive. It appeared the Magistrate viewed that as close to the only warning the Plaintiffs needed to receive. There are multiple problems with this approach. First, nothing in the case law supports this argument. It would be surprising if properly informing participants about the potential problems ahead simply required the fiduciary to say "no guarantee," some court or some defendant would have articulated that by now. Second, because "no guarantee" is so unrevealing as discussed in Plaintiffs' Objections, it is not consistent with *Pessin,* which requires that Defendants "sufficiently explain the consequences" of changes to a plan. *Pessin v. JPMorgan Chase U.S. Ben. Exec.*, 112 F.4th 129, 137 (2d Cir. 2024). Therefore, Defendants' intoning the words "no guarantee" to participants is unlikely to be a sufficient answer under ERISA. "No guarantee" does not warn participants that a 25% benefit cut was headed their way.

---

[3]    Further, for the same reasons that Defendants' inclusion of "actuarially equivalent" in the SPD fails to demonstrate how the *average plan participant* would understand that their benefits were going to be significantly reduced, Defendants' use of a hypothetical Joan also fails to demonstrate wear-away. *See Osberg,* 138 F.Supp. at 532, 539 (the use of "actuarial equivalent" was "highly technical and not accessible to most reasonably educated people" and ultimately "false and misleading."). At best, the use of the hypothetical Joan demonstrates that actuaries, after completing complex calculations, can understand Defendants' SPD to communicate that there would be a significant reduction of benefits. *See* FAC ¶¶ 178-210. But, that is not the legal requirement of Section 102, instead, Defendants must communicate to the average plan participant that there would be a loss of benefits. Plaintiffs' FAC makes clear that Defendants did not do so and instead was misleading. *See e.g., id.* ¶¶ 119; 325-326; 370-398.

3

Additionally, Defendants' reliance upon *Pessin*, a case where the SPD was "written in a manner calculated to be understood by the average plan participant," and was "sufficiently accurate and comprehensive" to inform participants of "circumstances that might result in the loss of benefits", does not support dismissal here. 112 F.4th at 140. The SPD in *Pessin* provided the larger of the benefits under two formulas: either (1) the new cash balance or (2) a minimum benefit, which was the continuation of the prior formula benefit for an additional five years, a minimum benefit that was greater than the protected benefit. *Id.* Significantly, the SPD also told employees where they could obtain projections that would show which plan was greater. *Id.* at 138. Further, a later SPD included appendices that "detailed the minimum benefit calculation and its comparison to the cash balance calculation." *Id.* at 140. Those are simply not the facts here, nor do Defendants even suggest that Plaintiffs had access to comparisons or objections. On the contrary, Plaintiffs allege that Defendants misled participants to believe the Legacy Plan benefit was equal to the cash balance benefit. FAC ¶¶ 119; 325-326; *see also id.* ¶¶ 166-210; 323-331; 370-398. In fact, Plaintiffs allege that participants were told that the Amendment would "protect the majority of participants from shortfalls". *Id.* ¶ 221. Thus, Plaintiffs' FAC allegations cannot be compared to *Pessin*.

Thus, the Magistrate erred in recommending the dismissal of the Plaintiffs' § 102 claims.

## III.     Plaintiffs State a Claim Under ERISA § 404.

Plaintiffs' Objections address why the FAC successfully alleged a Section 404 claim.[4] Defendants' response relies largely on conclusory and incorrect statements, such as "plaintiffs do not even try to explain how or why the disclosures are different" than in *Pessin*. Dkt. No. 42 at 13.

But these fights obscure the larger issue. Both parties agree that a line exists between *Pessin* on the one side (in which the fiduciary behaved at least partially correct) and *Osberg* and *Amara*

---

[4]     As set forth in Plaintiffs' Objections, Plaintiffs' claims are properly pled in the FAC.

(in which the fiduciary committed errors). It can seem confusing at times because the language seems remarkably similar between different plans. But as the brief and record sets forth, if you compare the communications in this case with those in *Amara/Osberg*, all three are remarkably identical—and as the FAC lays out, this plan suffers from the same problems as those in *Amara/Osberg*. Although there are some similarities between the communications in *Pessin* and those in *Northwell/Amara/Osberg*, the communications in *Pessin* are nowhere near as close as the communications in *Northwell/Amara/Osberg*.

### IV.   Plaintiffs' Claims Are Not Time-Barred.

As noted in Plaintiffs' Objections, as to Claims I and II, the FAC sufficiently alleges fraud or concealment, including under the heightened pleading standard. Although Defendants claim they disagree, the record here supports Plaintiffs.[5]

As to Claims III, V-VI and VII, the Magistrate made the unwarranted assumption that the allegations drafted by lawyers in the FAC could be imputed to the knowledge of the client back in 1999. With that assumption removed, Plaintiffs' claims are timely.

As to Claim IV, Defendants contend that the relation back doctrine cannot apply because the original complaint did not specifically mention benefit statements. However, FRCP 15(c)(1) only requires that benefit statements and the plan changes arose out of the same conduct, transaction, or occurrence, as was definitely the case here.

---

[5]   Defendants are also incorrect when arguing there is a three-year statute of limitations on certain claims. The Court in *Osberg* explicitly rejected this argument finding that "as the Second Circuit has repeatedly stated, the judicially inferred statute of limitations for ERISA actions in New York State is six years, based on the statute of limitations for contract actions under C.P.L.R. § 213. *Osberg v. Foot Locker,* 656 F.Supp.2d 361, 370-71 (S.D.N.Y. 2009) (internal citation omitted). Further, "in the context of a claim for benefits under an ERISA plan, a plaintiff's claim "accrues upon a clear repudiation by the plan that is known, or should be known, to the plaintiff." *Id.* at 370 (internal citation omitted). That means, where plan documents are at issue, "the statute of limitations . . . accrues when . . . [a plaintiff] discovered or with reasonable due diligence could have discovered the deficiencies in the plan documents of which he complains." *Id.* (internal citation omitted). Like in *Osberg,* Defendants' communications were misleading, failed to communicate wear-away, and suggested Plaintiffs' opening account balance would be the same as before the conversion. *See e.g.,* FAC ¶¶ 116-119; 137-151; 166-210; 220-239; 311-331; 347-398; 408-478; 419-421.

## CONCLUSION

For the reasons set forth above, and considering allegations of the FAC, Plaintiffs' Objections to the R&R should be sustained and the R&R should be rejected in its entirety, or alternatively, Plaintiffs should be granted leave to replead.

Dated:  May 26, 2026

**THOMAS & SOLOMON PLLC**

By:    s/ J. Nelson Thomas_____
       J. Nelson Thomas, Esq.
       Jessica L. Lukasiewicz, Esq.
       *Attorneys for Plaintiffs*
       693 East Avenue
       Rochester, New York 14607
       Telephone:  (585) 272-0540
       nthomas@theemploymentattorneys.com
       jlukasiewicz@theemploymentattorneys.com

6